UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TAKENYA SMITH; TAKENYA SMITH, as Parent
and Guardian of infant T.S.; CLAYTON BATES;
and KORNECHIA NICOLE WINSTON,

                            Plaintiffs,

      -against-

THE CITY OF NEW YORK;
JOHN AND JANE DOE NEW YORK CITY
POLICE OFFICERS 1-8,

                            Defendants.
-------------------------------------------------------------X

INDEX NO.:   15Civ. 0018 (BMC)

COMPLAINT

PLAINTIFFS DEMAND TRIAL BY JURY

Takenya Smith; Takenya Smith as Parent and Guardian of infant T.S; Clayton Bates; and Kornechia Nicole Winston (hereinafter "plaintiffs" unless otherwise specified), by their attorney, Harold C. Baker, Esq., complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action for monetary damages (compensatory and punitive) against The City of New York, (hereinafter "City of New York"), and John and Jane Doe New York City Police Officers 1-8, whose identities are presently unknown hereinafter "police officer defendants," who are police officers and employees of the New York City Police Department, (hereinafter "the NYPD"), and/or supervisors who participated in the wrongful seizure, arrest, detention and prosecution of plaintiffs, arising out of the false arrest, assault, battery, filing of false

reports regarding, and false imprisonment of plaintiffs and arising out of the defendants' failure to intervene and prevent the wrongful and false seizure and arrest of the plaintiffs.

2. It is alleged that on January 14, 2014 the police officer defendants, employees of the City of New York, individually and as supervisory employee(s) of the NYPD, and as agents, servants and/or employees of the NYPD, acting in concert, under color of state laws, intentionally and willfully subjected plaintiffs to, inter alia, wrongful and unlawful entry into 719 Kingsborough 7th Walk, Apartment #4C, Brooklyn, NY, wrongful and false arrest, false imprisonment, detention, assault, battery, and the filing of false reports against plaintiffs for acts of which plaintiffs were innocent and the failure to intervene and stop the wrongful and false arrest of plaintiffs.

## THE PARTIES

3. At all times hereinafter mentioned, plaintiffs were and still are residents of the County of Kings, in the City and State of New York. Plaintiffs Takenya Smith, infant T.S., and Clayton Bates reside at 719 Kingsborough Walk, Apartment 4C, Brooklyn NY 11233. Plaintiff Kornechia Nicole Winston resides at 1896 Pacific Street, #3L, Brooklyn, NY 11233.

4. At all times relevant and material herein, the defendant City of New York was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

5. At all times relevant and material herein, the police officer defendants were employees of the New York City Police Department of the City of New York.

6. At all times relevant and material herein, the police officer defendants were personnel of the NYPD and of defendant City of New York.

## JURSIDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claims for relief arising under 42 U.S.C. 1983.

8. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C.§1367 because such claims form part of the same case or controversy over which the this court has original subject matter jurisdiction.

9. Venue is proper pursuant 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City of New York is subject to personal jurisdiction in this district.

## NOTICE OF CLAIM

10. Within 90 days following the unlawful arrest of plaintiffs arising from this incident, plaintiffs filed written Notice of Claim with Defendant City of New York. This matter has not been settled or otherwise disposed of.

11. With regard to all plaintiffs, Notices of Claim for false arrest, false imprisonment, battery, assault, violation of civil rights and related claims against the City of New York and the defendant police officers were filed on January 29, 2014.  Hearings pursuant to GML 50-H were not requested by the New York City Comptroller's Office.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFFS' CLAIMS

12. Defendant City of New York was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

13. At all times relevant and material herein, the defendant City of New York operated, maintained, managed, supervised and controlled a police department, known as the NYPD, as part of and in conjunction with its municipal functions.

14. The NYPD was at all times relevant hereto, a subdivision, department or agency of defendant City of New York.

15. The police officer defendants were, at all times relevant hereto, employees of the NYPD, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of the NYPD, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

16. Upon information and belief, the police officer defendants were graduates of the Police Academy of the City of New York.

17. At all times relevant hereto, the defendant City of New York had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the police officer defendants, to conform their conduct to a standard for the protection of individuals, such as plaintiffs, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to citizens such as plaintiffs herein.

18. In addition, at all times relevant hereto, defendant City of New York had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers, the police officer defendants in the protections of the rights of plaintiffs under the Constitution and the Bill of Rights.

19. At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of defendant and the State of New York.

20. At all times mentioned herein, the defendants' acts constituted state action.

21. On January 14, 2014, the police officer defendants, and other officers of the NYPD were on duty and/or acting as employees, agents or servants of defendant City of New York, and were also present at the same time and in the same place as plaintiffs.

22. On January 14, 2014 at approximately 6:00 a.m., the police officer defendants, members of the NYPD, forcibly entered 719 Kingsborough 7th Walk, Apartment 4C, Brooklyn, NY screamed at plaintiffs, pointed firearms at plaintiffs, threatened plaintiffs, forced plaintiffs at gunpoint to get out of their beds and to lie on the floor of the apartment, illegally searched plaintiffs, handcuffed plaintiffs, interrogated plaintiffs, illegally ransacked apartment 4C, wherein plaintiffs resided, and in so doing caused physical injury to plaintiffs and damaged personal belongings of the plaintiffs.

23. At the time of the illegal forcible entry into 719 Kingsborough 7th Walk, Apartment 4C, Brooklyn, NY by the NYPD, plaintiffs were not engaged in any criminal behavior. When the police burst into their rooms, plaintiffs Takenya Smith and Kornechia Nicole Winston were dressed only in bras and panties and were not allowed to get dressed by the police defendants for a long period of time as the raid unfolded. The police officer defendants only permitted them to get dressed when defendants forcibly removed plaintiffs from the apartment.

24. At the time of the raid, plaintiff Takenya Smith was recovering from a fracture to her left foot that occurred on October 21, 2013. Eventually, the police forcibly transported

plaintiffs to a police precinct where plaintiffs were held against their will in jail cells for hours. The police had to transport Ms. Smith from the apartment to a police vehicle by wheelchair, because of her injured foot, but left the wheelchair behind at the location of the raid. When the police vehicle arrived at the precinct, one of the police officer defendants gave Ms. Smith a crutch to use which was inadequate and which resulted in her experiencing excruciating foot pain. Plaintiffs were fingerprinted and photographed and held for an additional period of time in jail cells until they were transported by the police officer defendants to Central Booking. All of the plaintiffs were eventually released from the Kings County Criminal Court without seeing a Judge and all of the charges were dropped. All of the above actions were committed by the defendants against plaintiffs despite the fact that none of the plaintiffs had committed any crime and without just, reasonable, lawful or proper cause to seize, arrest and detain plaintiffs.

25.     At no time herein did any plaintiff ever act in an unlawful or disorderly fashion. At no time did plaintiffs act in any way, fashion or manner which justified the use of force in pointing firearms at plaintiffs, forcing plaintiffs to the floor and holding plaintiffs at gunpoint and thereafter handcuffing, arresting and jailing plaintiffs.

26.     Plaintiff Takenya Smith suffered bruising and swelling to her body and knees and suffered severe emotional and physical trauma and humiliation as a result of the unjustified assault on her, the unjustified refusal of the officers to allow her to put clothes on and her subsequent unlawful detention. She will be required to receive medical treatment and psychological support for her trauma. This has caused her to be damaged in the sum of Five Million dollars ($5,000,000.00).

27.     Infant plaintiff T.S., suffered bruising and swelling to his body, and suffered severe emotional and physical trauma and humiliation as a result of the unjustified assault on

him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

28. Plaintiff Clayton Bates suffered severe emotional trauma and humiliation as a result of the unjustified assault on him and his subsequent unlawful detention. He will be required to receive psychological support for his trauma. This has caused him to be damaged in the sum of Five Million dollars ($5,000,000.00).

29. Plaintiff Kornechia Nicole Winston suffered severe emotional trauma and humiliation as a result of the unjustified assault on her, the unjustified refusal of the officers to allow her to put clothes on and her subsequent unlawful detention. She will be required to receive psychological support for his trauma. This has caused her to be damaged in the sum of Five Million dollars ($5,000,000.00).

30. Upon information and belief, the police officer defendants, and other officers, employees of the NYPD, wrongfully and improperly entered 719 Kingsborough 7th Walk, Apartment 4C, Brooklyn, NY stopped, detained and arrested plaintiffs in violation of the fourth amendment of the Constitution, when, in fact, plaintiffs had committed no crime.

31. Upon information and belief, the police officer defendants, and other officers, employees of the NPYD, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested plaintiffs when it was not right, just, lawful, proper, or necessary to do so.

32. On January 14, 2014, employees of the NYPD, including the police officer defendants, and other officers, and their supervisors, acting in concert, maliciously and with intent to injure plaintiffs, and without just cause or any right to do so, pointed fire arms at

plaintiffs, forced plaintiffs to lie, with little clothing on, on the floor of the location, handcuffed plaintiffs, forcibly removed them from the location, transported them in handcuffs to a police precinct, and then to Central Booking and jailed and detained them there and restrained them of their liberty, against the will of the plaintiffs.

33. The arrest of the plaintiffs by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

34. Defendants acted maliciously and intentionally.

35. Plaintiffs were thereupon and thereafter detained and restrained of their liberty and freedom, without their consent, on account of the unlawful and wrongful acts of the defendants, and were confined in various facilities of the NYPD, and defendant City of New York, including the 79th precinct, Central Booking and others.

36. At the time of their unlawful seizure, plaintiffs Takenya Smith, infant T.S., and Clayton Bates were lawfully in their home, and plaintiff Kornechia Nicole Winston was lawfully an over-night guest at 719 Kingsborough 7th Walk, Apartment 4C, Brooklyn, NY not violating any laws, nor committing any crime.

37. The arrest charges against plaintiffs were disposed of, in their favor, as all plaintiffs were released before any criminal charges were filed against them in court. Since then, no criminal charges have ever been filed against them based on the illegal search and seizure that occurred on January 14, 2014.

38. As a direct and proximate result of the acts of the defendants, plaintiffs suffered severe and permanent damages including, but not limited to:

> Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their persons;

> Physical injury, embarrassment, humiliation, loss of liberty, loss of income, loss of employment, emotional distress and mental anguish.

39. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiffs, including but not limited to:

> Freedom from the unreasonable seizure of their persons and freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985 AGAINST INDIVIDUAL DEFENDANTS)

40. Plaintiffs re-allege paragraphs 1 through 40 and they are incorporated herein by reference hereinafter.

41. Defendants, acting in concert and under the color of state law, have deprived plaintiffs, of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 U.S.C. Sections 1981, 1983 and 1985.

42. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## SECOND COUNT
### (PURSUANT TO 42 U.S.C. § 1983 ASSAULT AND BATTERY UNDER COLOR OF STATE LAW AGAINST INDIVIDUAL DEFENDANTS)

43. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

44. Upon approaching plaintiffs, rousting them from their beds, forcing them at gunpoint to lie on the floor, handcuffing and arresting them, the police officer defendants, acting in concert, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

45. The defendants' assault and battery of plaintiffs was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

46. The said assault and battery caused plaintiffs' personal injury and damage, both physical and mental; and severe emotional distress and illness.

47. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## THIRD COUNT
### (PURSUANT TO 42 U.S.C §1983 FOR FALSE ARREST AND IMPRISONMENT UNDER COLOR OF STATE LAW)

48. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

49. The defendants arrested, detained and imprisoned without warrant or probable cause, even though they knew or should have known that they were wholly innocent of any crime then and there alleged against them, and thus violated plaintiffs' Constitutional rights.

50. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## FOURTH COUNT
### (COMMON LAW ASSAULT)

51. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

52. The defendants are liable for assault to plaintiffs.

53. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## FIFTH COUNT
### (COMMON LAW BATTERY)

54. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

55. The defendants are liable for battery to plaintiffs.

56. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## SIXTH COUNT
### (COMMON LAW FALSE ARREST AND IMPRISONMENT)

57. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

58. The defendants are liable for false arrest and false imprisonment to plaintiffs.

59. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## SEVENTH COUNT
### (COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

60. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

61. The defendants' conduct, in assaulting, battering and falsely seizing, detaining, arresting and imprisoning plaintiffs was outrageous, shocking and exceeded all reasonable bounds of decency.

62. The defendants are liable for intentional infliction of emotional distress to plaintiffs.

63. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## EIGHTH COUNT
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

64. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

65. The defendants' conduct, in assaulting, battering and falsely seizing, detaining, arresting and imprisoning plaintiffs was careless and negligent as to the emotional health of plaintiffs.

66. The defendants are liable for negligent infliction of emotional distress to plaintiffs.

67. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## NINTH COUNT
### (COMMON LAW NEGLIGENCE)

68. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

69. The defendant City of New York was negligent in its operation, management, supervision and control of its police department; in its training; in its conduct, at the aforesaid location; in its employees in assaulting, battering and falsely arresting and imprisoning Plaintiffs.

70. Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

71. As a result thereof, plaintiffs claim damages for the injuries set forth above.

## TENTH COUNT
### (FAILURE TO INTERVENE)

72. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

73. The defendants are liable to plaintiffs for failing to intervene and stop the wrongful and unlawful entry into; and search of, 719 Kingsborough 7th Walk, Apartment 4C, Brooklyn, NY, and for failing to intervene and stop the wrongful and unlawful assault, battery, seizure, detention and arrest of plaintiffs.

74. Additionally, the defendants City of New York, and the police officer defendants were negligent in their conduct, in causing, or allowing, the occurrence as aforesaid.

75. As a result thereof, plaintiffs claim damages for the injuries set forth above.

**WHEREFORE,** plaintiffs, individually, demand judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action in the amount of Five Million ($5,000,000.00) Dollars; for punitive damages on each Cause of Action; awarding plaintiffs reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED: Brooklyn, New York
         January 13, 2015

                                Yours,

HAROLD BAKER, ESQ. (hb2179  )

   By: _____S/S_____
   Harold C. Baker, Esq.,
   Attorney for Plaintiffs Takenya Smith; Takenya Smith as Parent and Legal Guardian of Infant T.S.; Clayton Bates; and  Kornechia Nicole Winston
   32 Court Street, Suite 507
   Brooklyn, New York
   (718) 858-7927